UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | 1:25-cr-83 |
| v. | ) | |
| | ) | JUDGES McDonough/Dumitru |
| JOSEPH A. BOWLES-MORRISON | ) | |

**PLEA AGREEMENT**

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, **JOSEPH A. BOWLES-MORRISON**, and the defendant's attorney, Myrlene Marsa, have agreed upon the following:

1. The defendant will plead guilty to the following count(s) in the indictment:

    a) Count 1. Receipt of Child Pornography in violation of 18 U.S.C. §2252A(a)(2) and (b)(1).

The punishment for this offense is as follows. A mandatory minimum term of imprisonment of 5 years and up to 20 years, a maximum possible fine of $250,000, a minimum term of supervised release of at least 5 years and up to life, forfeiture, and restitution.

2. In consideration of the defendant's guilty plea, the United States agrees to move the Court at the time of sentencing to dismiss the remaining count against the defendant in this indictment.

3. The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crime charged. Specifically, the elements of the offense are as follows:

Count One: Receipt of Child Pornography 18 U.S.C. §2252A(a)(2) and (b)(1).

a) The defendant, **JOSEPH BOWLES-MORRISON**, knowingly received child pornography;

b) The defendant knew that the material was child pornography; and

c) The child pornography was transported in interstate or foreign commerce, by any means, including a computer.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

> a) In April 2025, two minors independently contacted the Chattanooga Police Department to report that the defendant possessed child pornography on both his Google Drive account and an external hard drive located in his bedroom. One of these minors additionally reported that the defendant had distributed this material to other individuals.
>
> b) On April 29, 2025, agents from the FBI and detectives from the Chattanooga Police Department's Special Victims Unit interviewed the defendant at his residence. After being advised of his *Miranda* rights, the defendant agreed to speak with investigators and provided statements regarding his communications with VICTIM 1 and his possession of child pornography. The defendant voluntarily consented to the seizure of five electronic devices: an iPhone 12, an iPhone 13 Pro Max, a Google Pixel, a Samsung Galaxy S23, and a Samsung ZFold 4. An initial forensic examination of these devices uncovered evidence of child pornography possession, receipt, distribution, production, and contact offenses involving minors.

c) The iMessage exchanges between the defendant and VICTIM 1, a minor and resident of Australia at the time of the offense, documented these offenses. Throughout their communications, VICTIM 1 disclosed his status as a minor in various ways. VICTIM 1 and the defendant exchanged sexual messages, including images of VICTIM 1 that constitute child pornography. The defendant further requested and received from VICTIM 1 sexually explicit images of another minor, VICTIM 3, who was 16 years old and a resident of Georgia at the time of the offense. The defendant and VICTIM 1 also discussed arranging a live streaming session during which the two of them, along with other minor males, would watch each other masturbate.

d) On April 30, 2025, investigators conducted a second interview with the defendant. During this interview, the defendant disclosed that he misrepresented himself as being 15-17 years old on various social media platforms in order to communicate with minor victims. The defendant admitted to communicating with VICTIM 2, a minor and resident of Ohio at the time of the offense, and acknowledged receiving sexually explicit images from both VICTIM 2 and VICTIM 3. He also admitted to sending an explicit image to VICTIM 2. Furthermore, the defendant acknowledged his membership in a Telegram channel where he viewed approximately 300 videos containing child pornography. Following these admissions, the defendant was arrested and placed in state custody on multiple charges.

e) The investigation determined that the defendant utilized multiple social media platforms to contact at least five male minors between the ages of 11 and 17, with the intent of enticing them to produce and transmit sexually explicit images and/or live video depictions of sexual acts. The defendant also provided some of these minors with access to his Google Drive account, which contained child pornography. The defendant committed these offenses using facilities of interstate commerce, specifically the internet and electronic devices that had been transported in interstate

3

and foreign commerce. Throughout this period, the defendant resided in Hamilton County, Tennessee, and used his home internet connection to commit these offenses.

5. The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

    a) the right to plead not guilty;

    b) the right to a speedy and public trial by jury;

    c) the right to assistance of counsel at trial;

    d) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

    e) the right to confront and cross-examine witnesses against the defendant;

    f) the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

    g) the right not to testify and to have that choice not used against the defendant.

6. The parties agree that the appropriate disposition of this case would be the following as to each count:

    a) The Court may impose any lawful term(s) of imprisonment, any lawful fine(s), and any lawful term(s) of supervised release up to the statutory maximum(s); and

    b) The Court may order forfeiture as applicable and restitution as appropriate.

No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court and may not be used as a basis to rescind this plea agreement or withdraw the defendant's

4

guilty plea(s). The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence investigation report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

7. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of any additional offense(s) prior to sentencing, the United States will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that the defendant not receive any reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

8. Unless otherwise limited by an agreed preliminary order of forfeiture, the defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, which are in the possession or control of the defendant or the defendant's nominees that were used and intended to be used in any manner or part to commit and to facilitate the commission of a violation of 18 U.S.C. §2251(a) and (e), and/or any and all assets and property, or

5

portions thereof, subject to forfeiture as proceeds of the defendant's criminal activities which are in the possession or control of the defendant or the defendant's nominees.

The defendant agrees to forfeit the defendant's interest in the following properties:

  a) Samsung Galaxy ZFold 4 (SN: R5CT81FH7GJ);

  b) Samsung S23 Ultra (SN: 5CW80JBWVH);

  c) Apple iPhone 13 Pro Max (IMEI: 356985727778013);

  d) Google Pixel (IMEI: 355578430310769); and

  e) Apple iPhone 12 (IMEI: 353335935167125)

The defendant further agrees to assist the United States fully in the identification, recovery, and return to the United States of any other assets or portions thereof subject to forfeiture. The defendant further agrees to make a full and complete disclosure of all assets over which the defendant exercises control and those which are held or controlled by a nominee. The defendant agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and the signing of any other documents necessary to effectuate such transfers. The defendant agrees not to object to any civil, administrative, or criminal forfeiture brought against these properties. The defendant agrees to take all such steps to locate such property and to pass title to the United States before the defendant's sentencing.

In the event a money judgment forfeiture is ordered, the Defendant agrees to send all money judgment payments to the United States Marshals Service. Defendant also agrees that the full money judgment amount shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody, the defendant agrees that the Bureau of

Prisons will have the authority to establish payment schedules to ensure payment of the money judgment. The defendant further agrees to cooperate fully in efforts to collect on the money judgment by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of the money judgment without notifying defendant's counsel and outside the presence of the defendant's counsel.

9. The defendant agrees that the Court shall order restitution, pursuant to any applicable provision of law, for any loss caused to: (1) the victim(s) of any offense charged in this case (including dismissed counts); and (2) the victim(s) of any criminal activity that was part of the same course of conduct or common scheme or plan as the defendant's *charged* offense(s).

10. Financial Obligations. The defendant agrees to pay all fines and/or restitution to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the

defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

    a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

    b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

    c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

    11. The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

    a) The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be

sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

12. The defendant acknowledges that the defendant has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: (1) where the defendant resides; (2) where the defendant is employed; and (3) where the defendant is a student. The defendant understands that the requirements for registration include providing: (1) the defendant's name; (2) residence address; and (3) the names and addresses of any places where the defendant is, or will be, an employee or a student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student not later than three business days after any change of name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations will subject the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by imprisonment, a fine, or both.

13. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the Court, can predict to a certainty the effect of the defendant's conviction on immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any

9

Case 1:25-cr-00083-TRM-MJD   Document 18   Filed 12/02/25   Page 9 of 11   PageID #: 48

immigration consequences the plea may entail, even if the consequence is automatic removal from the United States

14. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

15. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

16. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the

defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

FRANCIS M. HAMILTON III
UNITED STATES ATTORNEY

December 2, 2025
Date

By: _____
Charles D. Minor
Special Assistant United States Attorney

Nov. 17, 2025
Date

Joseph
Joseph A. Bowles-Morrison
Defendant

Nov. 17, 2025
Date

Myrlene R. Marsa
Myrlene Marsa
Attorney for the Defendant

11